FILED
U.S. DISTRICT COURT
DIV.

2011 OCT 28 PM 4: 16

R Alex
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSE DUARTE-ACERO,

        Petitioner,

vs.

ANTHONY HAYNES, Warden,

        Respondent.

CIVIL ACTION NO.: CV211-123

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Duarte-Acero ("Duarte-Acero"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Duarte-Acero filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Duarte-Acero was convicted, after a jury trial, of: conspiring to kill two (2) Drug Enforcement Agency ("DEA") agents while engaged in and on account of their duties, in violation of 18 U.S.C. § 1117; two (2) counts of using dangerous weapons to assault,

AO 72A
(Rev. 8/82)

resist, and impede DEA agents in the performance of their duties, in violation of 18 U.S.C. § 111; and two (2) counts of taking the DEA agents' government credentials and passports, in violation of 18 U.S.C. § 2112. Duarte-Acero was sentenced to life imprisonment on Count 1, 10 years' imprisonment on Counts 2 and 3, and 15 years' imprisonment on Counts 4 and 5, to run concurrently to each other and consecutively to his life sentence. (Doc. No. 6, p. 3). Duarte-Acero filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences. United States v. Duarte-Acero, 296 F.3d 1277 (11th Cir. 2002).

Duarte-Acero filed two (2) motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, in the Southern District of Florida, and both of his motions were dismissed. The Eleventh Circuit denied Duarte-Acero's motions for a certificate of appealability on both occasions. Duarte-Acero also filed a section 2241 petition in the Middle District of Florida, and that petition was dismissed.

In the present petition, Duarte-Acero asserts that his convictions and sentences, violated the double jeopardy clause and international law. Duarte-Acero asserts that he was kidnapped from Colombia, and his kidnapping violated Article 2, paragraph 4 of the United Nations Charter and Article 17 of the Charter of the Organization of American States. Duarte-Acero also asserts that his kidnapping and subsequent convictions violate Article 36 of the Vienna Convention on Consular Relations and Articles 12, 13, and 14 of the International Convention on Civil and Political Rights. Duarte-Acero contends that the extradition treaty between the United States and Colombia prevented him from being prosecuted for an offense for which he was prosecuted in Colombia. (Doc No. 1).

AO 72A
(Rev. 8/82)

Respondent avers that Duarte-Acero fails to state a claim for relief pursuant to § 2241. Respondent contends that Duarte-Acero does not satisfy § 2255's savings clause. Respondent also contends that Duarte-Acero raised the claims in his present petition, or at least very similar claims, on previous occasions.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Duarte-Acero has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Duarte-Acero asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because section 2255 "bars a

3

prisoner from asserting a fundamental claim of error based on a statutory or treaty based claim." (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Duarte-Acero fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-

AO 72A
(Rev. 8/82)

existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Duarte-Acero made the same arguments with the trial court in his previously-filed post-sentencing motions as he does in this petition. Simply because that court dismissed Duarte-Acero's claims does not mean that section 2255's remedy is inadequate or ineffective. Cuero v. McFadden, 154 F. App'x 755, 757 (11th Cir. 2005) (noting that section 2255's savings clause cannot be used to escape the restrictions on second or successive § 2255 motions). Duarte-Acero has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Duarte-Acero has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim.[1] See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Duarte-Acero cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Duarte-Acero is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

[1] In Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005), the Eleventh Circuit determined that the petitioner's treaty-based contentions were an attempt to circumvent the restrictions on filing successive § 2255 motions, and, even if his contentions were not, the petitioner did not meet the savings clause to "open the portal" to argue a § 2241 petition.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Duarte-Acero's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE