IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSE DUARTE-ACERO,

    Petitioner,

vs.                                         CIVIL ACTION NO.: CV211-123

ANTHONY HAYNES, Warden,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Jose Duarte-Acero ("Duarte-Acero") asserts that the Court should determine whether he is being detained in violation of a treaty to which the United States of America is a party. Duarte-Acero also asserts that the United States Supreme Court has repeatedly allowed foreign nationals to challenge treaty violations in habeas proceedings. Duarte-Acero cites, *inter alia*, Boumediene v. Bush, 553 U.S. 723 (2008), and Medellin v. Texas, 552 U.S. 491 (2008), in support of this assertion. Duarte-Acero avers that the predicate underlying his claims could not have come into existence until 2004 at the earliest, and, by that time, he had already filed a 28 U.S.C. § 2255 motion. Duarte-Acero contends that, because he cannot bring his treaty-based claim in a second or successive section 2255 motion, his claim is properly before this Court pursuant to 28 U.S.C. § 2241.

AO 72A
(Rev. 8/82)

In Boumediene, the petitioners were "aliens designated as enemy combatants and detained at the United States Naval Station at Guantanamo Bay, Cuba[,]" 553 U.S. at 732, and the Supreme Court found that the "constitutional privilege of habeas corpus[,]" extended to the petitioners. Id. Duarte-Acero is not an enemy combatant, nor is he detained at Guantanamo Bay. Thus, this case is inapplicable. Likewise, Medellin does not provide Duarte-Acero with any relief under § 2241. The Supreme Court, in Medellin, "conclude[d] that neither Avena[1] nor the President's Memorandum[2] constitutes directly enforceable federal law that pre-empts state limitations on the filing of successive habeas petitions." 552 U.S. at 498-99. In addition, and as the Magistrate Judge noted, a petitioner cannot bring a treaty-based claim pursuant to section 2241 in an attempt to circumvent the restrictions on filing successive 2255 motions, which is precisely what Duarte-Acero attempts to do in his petition. (Doc. No. 10, p. 5) (citing Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)).

Duarte-Acero's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Duarte-Acero's petition for writ of

---

[1] "The International Court of Justice (ICJ), located in the Hague, is a tribunal established pursuant to the United Nations Charter to adjudicate disputes between member states. In the Case Concerning Avena and Other Mexican Nationals (Mex. v. U.S.), 2004 I.C.J. 12 (Mar. 31) ("Avena"), that tribunal considered a claim brought by Mexico against the United States. The ICJ held that, based on violations of the Vienna Convention, 51 named Mexican nationals were entitled to review and reconsideration of their state-court convictions and sentences in the United States. This was so regardless of any forfeiture of the right to raise Vienna Convention claims because of a failure to comply with generally applicable state rules governing challenges to criminal convictions." Medellin, 552 U.S. at 497-98.

[2] "After the Avena decision, President George W. Bush determined, through a Memorandum to the Attorney General (Feb. 28, 2005), App. to Pet. for Cert. 187a (Memorandum or President's Memorandum), that the United States would discharge its international obligations under Avena by having State courts give effect to the decision." Medellin, 552 U.S. at 497 (internal punctuation omitted).

AO 72A
(Rev. 8/82)

habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 30 day of January, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)